UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUG LONGHINI,

    Plaintiff,

v.                                                    Case No:   6:17-cv-2093-Orl-37TBS

MELVIN F. SEMBLER, DOLLAR
GENERAL CORPORATION, DOLGEN
CORP, LLC and EVERSTEEN
HOLDINGS LLC,

    Defendants.

### REPORT AND RECOMMENDATION

This cause comes before the Court on my review of Plaintiff's complaint (Doc. 1). The complaint is not pled in separate counts and seeks injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq. (the "Americans with Disabilities Act" or "ADA") against all Defendants jointly (Doc. 1). For the reasons set forth below, I **respectfully recommend** that Plaintiff be required to re-plead his claims in separate counts for each claim against each Defendant, as contemplated by FED. R. CIV. P. 10(b).

The Allegations of the Complaint

According to his complaint, Plaintiff is an individual with disabilities. Defendant, Melvin Sembler ("the landlord") owns and operates a shopping plaza, its general parking lot and parking spots specific to the businesses therein; Defendant, The Sembler Company, operates the plaza property; Defendants, Dollar General Corporation and Dolgencorp, LLC, own and operate a Dollar General retail store within the plaza ("the retail store"); and Defendant, Eversteen Holdings, LLC., owns and operates a restaurant

within the plaza ("the restaurant"). (Id., ¶¶ 6,8,10,12, 14, 20). Plaintiff alleges that he visits the plaza property, retail store and restaurant businesses regularly, and has encountered multiple violations of the ADA that directly affect his ability to use and enjoy the property, retail store and restaurant businesses (Id., ¶21). Plaintiff alleges:

> 32. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the plaza property, retail store and restaurant businesses, include but are not limited to, the following:
>
> ### A. Parking
>
> 1. Plaintiff could not safely access the facility due to an inadequate number of compliant disabled use spaces. Accessible spaces and aisles are not part of a compliant accessible route, lack proper access aisles and have excessive slopes and level changes or obstructions on the path of travel to the stores violating ADAAG Section 4.6 and 2010 ADAS Section 502.
>
> ### B. Entrance Access and Path of Travel
>
> 1. The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, resolution is readily achievable.
>
> 2. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level greater than '12 inch, violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.
>
> 3. Ramps at the facility that do not have compliant slopes and level landings where required by the ADAAG and 2010 ADAS, resolution is readily achievable.
>
> 4. Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. There is no accessible routes from the public sidewalks, bus stops to the buildings, violating ADAAG Section 4.3 and Section 206 of the 2010 ADAS.

### C. Access to Goods and Services

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use the shopping areas and service counters as they are obstructed by stored goods. Counters at the facility exceed height limits with inaccessible shopping aisles violating ADAAG Sections 5 and 7 as well as 2010 ADA Standards Sections 226, 227, 902 and 904, resolution is readily achievable.

3. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

### D. Public Restrooms in Dollar General

1. Plaintiff could not use the restroom which is not located on a compliant accessible route. The door has improper hardware, does not provide a clear opening to the required 90 degrees and lacks maneuvering clearance violating ADAAG Sections 4.3 and 4.13 as well as 2010 ADAS Sections 302 and 404.

2. Plaintiff could not safely use lavatories in the restroom lacking required pipe insulation or use mirrors which are mounted too high in violation of Section 4.19 of the ADAAG and Sections 603 and 606 of the 2010 ADAS.

3. Plaintiff could not use dispensers mounted outside the ranges prescribed in Section 4.27 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

4. Plaintiff could not use water closets in Dollar General due to no rear grab bar, an improper toilet paper dispenser and a side grab bar mounted outside ranges prescribed in ADAAG Section 4.16, figure 29 and 2010 ADAS Section 604.5.

### E. Public Restrooms in Bealls Outlet[1]

1. Plaintiff could not use the restroom stall door which lacks

---

[1] Curiously, Bealls is not a named Defendant.

- 3 -

> required hardware violating ADAAG Section 4.17 as well as 2010 ADAS Section 604.
>
> 2. Plaintiff could not use dispensers mounted outside the ranges prescribed in Section 4.27 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.
>
> 3. Plaintiff could not use water closets in Bealls Outlet due to an obstructed rear grab bar and a toilet paper dispenser mounted outside ranges prescribed in ADAAG Section 4.16, figure 29 and Section 604 of the 2010 ADAS.
>
> **F. Public Restrooms in Drunken Parrot Saloon**
>
> 1. Plaintiff could not use the restroom without assistance the door lacks required accessible hardware and maneuvering clearance violating ADAAG Section 4.13 and 2010 ADAS Section 404.
>
> 2. Plaintiff could not safely use lavatories in the restroom lacking required knee clearance or use mirrors which are mounted too high in violation of Section 4.19 of the ADAAG and Sections 603 and 606 of the 2010 ADAS.
>
> 3. Plaintiff could not use dispensers mounted outside the ranges prescribed in Section 4.27 of the ADAAG and Section 308 of the 2010 ADA Standards.
>
> 4. Plaintiff could not use the water closet in the Drunken Parrot which has a centerline 15" from the side wall, no rear grab bar, an improper side grab bar and toilet paper dispenser mounted outside ranges prescribed in Section 4.16 and figure 29 of the ADAAG and Section 604 of the 2010 ADA Standards.

(Doc. 1, ¶32).

Plaintiff claims that these alleged ADA violations "form questions of law and facts common to all Defendants," and "the Plaintiff is asserting a right to relief, both jointly (as to all areas controlled and/or operated by the landlord Defendant and any one or more of the tenant Defendants; with respect to any relief requested, all occurrences and violations of the ADA were made by the individual tenant Defendants with the knowledge and approval of the landlord Defendant, such as they are jointly liable for all damages and

- 4 -

relief requested." (Id., ¶ 34). Plaintiff also alleges that "[a]ll of the parties which are tenant Defendants are in privity of contract with the landlord Defendant, namely each has a commercial lease between each tenant and the landlord, which arguably will require participation and/or indemnification in regards to any injunctive relief and/or other damages, to include any ADA compliance plan and any reasonable attorney's fees and costs which the Plaintiff may tax the Defendants as a result of this action." (Id., ¶ 35).

Applicable law[2]

Persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). "Courts are 'strongly encouraged' to join claims, parties, and remedies, 'and the [r]ules are construed towards entertaining the broadest possible scope of action consistent with fairness to the parties.'" Rhodes v. Target Corp., 313 F.R.D. 656, 660 (M.D. Fla. 2016) (internal quotation marks omitted) (quoting Edward-Bennett v. H. Lee Moffitt Cancer & Research Inst., Inc., No. 8:13-cv-00853-T-27TGW, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)).

Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a "logical relationship" exists between the claims. Id. (citing Alexander v. Fulton Cnty., Ga., 207 F.3d 1301, 1323 (11th Cir.

---

[2] I borrow liberally from Magistrate Spaulding's recent report and recommendation on similar facts in Kennedy v. HDBF, LLC, Case No. 6:17-cv-488-ORL-31 KRS (Doc. 11), and the District Judge's Order adopting the report (Doc. 47). I also note that this Plaintiff has been previously advised of the proper pleading standard. See Longhini v. Faith Church International, Inc., et al., Case No. 6:17-cv-1071-31TBS (Docs. 14 and 22).

2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Republic Health Corp. v. Lifemark Hosp. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)). "[T[here is a logical relationship when 'the same operative facts serve as the basis of both claims.'" Republic Health, 755 F.2d at 1455 (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)).

Similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts. Rhodes, 313 F.R.D. at 659 (citing Edwards-Bennett, 2013 WL 3197041 at *2). Courts often sever claims brought against unrelated defendants if the only similarity between them is that they are alleged to have violated the same statute or acted in the same manner. Bait Prods. Pty Ltd. v. Does 1-73, No. 6:12-CV-1637-Orl-31DAB, 2012 WL 6755274, at *3 (M.D. Fla. Dec. 14, 2012), report and recommendation adopted by, No. 6:12-cv-1637-Orl-31DAB, Doc. No. 23 (M.D. Fla. Feb. 6, 2013) (citations omitted).

Rule 21 provides that misjoinder of parties is not a ground for dismissing the action and "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. Thus, while Rule 20 is construed broadly, it "does not mandate joinder, and even when joinder is permissible, courts may refuse it or may sever plaintiffs or claims." Rhodes, 313 F.R.D. at 659 (quoting Nelson v. Blue Eyed Holdings, Inc., No. 13-60569-CIV, 2013 WL 6238056, at *4 (S.D. Fla. Dec. 3, 2013)). "[E]ven if the technical requirements for joinder are met, the Court has discretion to deny joinder if it determines that the addition of a party under

Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense[,] or delay." Id. (quoting Malibu Media, LLC v. Doe, 923 F.Supp. 2d 1339, 1342 (M.D. Fla. 2013)).

    Analysis

Plaintiff asserts that he encountered ADA violations at the plaza and has consolidated his grievances into a complaint which alleges joint liability among the landlords and tenants. The lumping together of all of the alleged violations into one claim does not aid the Court in considering the severance analysis as to whether the right to relief asserted against them jointly arises out of the same transaction, occurrence, or series of transactions or occurrences. For example, Plaintiff has pled violations with respect to the public restrooms in the retail store and the restaurant, as well as in "Bealls Outlet." Is he contending that the operators of Dollar General are responsible for the alleged deficiencies in the restaurant or Bealls store? On what basis are the owners or operators of Dollar General and the restaurant jointly liable for violations in the Bealls Outlet, a business which is not alleged to be owned or operated by *any* defendant? While it is likely appropriate to join the landlord and a single tenant as defendants in a suit alleging Title III ADA violations at the tenant's premises, see, e.g., Rush v. Sport Chalet, Inc., 779 F.3d 973, 974 (9th Cir. 2015), Plaintiff provides no basis for his claim that each tenant is jointly liable for the other's ADA violations. To the contrary, Plaintiff alleges that the tenant Defendants are in privity of contract with the landlord (¶ 35), not each other.

While it does not appear that the claims arise out of the *same* transaction or occurrence (as opposed to distinct and separate violations at each individual tenant's premises), in view of the liberal construction given to joinder rules and assuming the case

involves a landlord and only two[3] businesses, I find that severing the claims against each tenant/landlord pair and requiring Plaintiff to file an additional lawsuit would not foster the objectives of the rules[4]. As there may be some overlap (such as with respect to parking issues), any additional suit will likely be consolidated with this one for most purposes, including discovery. No case management advantage to the parties or the court is apparent. Additionally, I see no real impediment to allowing the case to proceed in one docket.

That said, the claims (as pled) are impermissibly blended together and do not meet the pleading standard for a short and plain statement of the claim, with each allegation set forth in a "simple, concise and direct" manner. FED. R. CIV. P. 8(A)(2) AND 8(D)(1). As it is not clear precisely which violations allegedly belong to which Defendant or Defendants, I **respectfully recommend** that the Court require Plaintiff to re-plead his claim to state each claim against each Defendant (or Defendants) in a separate count. FED. R. CIV. P. 10(B).

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

---

[3] Three, if Plaintiff is claiming violations at Bealls Outlet.
[4] Compare Kennedy v. HDBF, LLC, Case No. 6:17-cv-488 (seven defendants and seven sets of violations).

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 4, 2018.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties