UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUG LONGHINI,

    Plaintiff,

v.    Case No. 6:17-cv-2093-Orl-37TBS

MELVIN F. SEMBLER, DOLLAR
GENERAL CORPORATION; DOLGEN
CORP., LLC; and EVERSTEEN
HOLDINGS, LLC,

    Defendants.

## ORDER

This cause is before the Court on the following matters: (1) an unopposed Report and Recommendation (Doc. 19 ("**R&R**")); (2) Defendant Eversteen Holdings, LLC's d/b/a Drunken Parrot Saloon [sic] Answer, Affirmative Defense, and Motion to Dismiss (Doc. 20); (3) Plaintiff, Doug Longhini's Unopposed Motion to Strike Corporate Defendant Eversteen Holdings, LLC's Pro Se Answer and Motion to Dismiss (Doc. 21 ("**Motion to Strike**")). Upon consideration, the Court finds that the Motion to Strike is due to be granted, the Answer is due to be stricken, the R&R is due to be approved and adopted, and repleader is required.

### DISCUSSION

**A.    The Complaint**

Plaintiff Doug Longhini initiated this Americans with Disabilities Act ("**ADA**") action on December 6, 2017, by filing his Complaint against Defendants Melvin F.

Sembler ("**Sembler**"), Dollar General Corporation ("**DGC**"), Dolgen Corp., LLC ("**DGL**"), and Eversteen Holdings, LLC ("**EHL**"). (Doc. 1.) According to the Complaint, Plaintiff is an individual with physical disabilities who encountered discrimination when he visited a restaurant ("**Restaurant**") and retail store ("**Store**") located in a shopping plaza ("**Plaza**"), which is located in St. Cloud, Florida. (*See id*. ¶¶ 19, 21–24, 31, 33). Generally, Plaintiff alleges that he encountered unlawful architectural barriers ("**Violations**") in: (1) the parking and entrance areas of the Plaza; (2) the "shopping" areas, aisles, and service counters of the "facility;" (3) the public restrooms in the Store; the public restrooms in the Restaurant; and (4) the public restroom of a "**Bealls Outlet**" store. (*See id*. ¶ 32.)

Plaintiff alleges that the Defendants are distinct entities, and Sembler owns and operates the Plaza (*id*. ¶¶ 6, 20, 25–26), DGC and DGL ("**Store Defendants**") own and operates the Store (*id*. ¶¶ 9–12, 27–29), and EHL owns and operates the Restaurant (*id*. ¶¶ 13–15, 29). Plaintiff does not allege who owns or operates the Bealls Outlet. (*See id*.) Nonetheless, Plaintiff alleges that the Violations "form questions of law and facts common to all Defendants," and he demands relief from Defendants "jointly." (*See id*. ¶¶ 34–35.) Further, without identifying which Defendant is the "landlord" and which is the "tenant," Plaintiff further alleges that the "tenant Defendants are in privity of contract with the landlord Defendant . . . which arguably will require participation and/or indemnification." (*Id*. ¶ 35.) Plaintiff does not allege that the unspecified "tenant" Defendants are in privity with each other. (*See id*.)

**B.     The R&R**

In the R&R, U.S. Magistrate Judge Thomas B. Smith ("**Judge Smith**") recommends that the Court dismiss the Complaint and require repleader because Plaintiff's claims do not appear to arise out of the *same* transaction or occurrence. (Doc. 19, p. 7.) Rather, the claims appear to arise out of "distinct and separate violations at individual premises. (*See id*.) Nonetheless, Judge Smith notes that, under liberal joinder rules—Federal Rules of Civil Procedure 20 and 21—severance may not be required. (*See id*. at 7–8.) To resolve this severance concern and clarify the issues, Judge Smith recommends that the Court "require Plaintiff to re-plead his claim and to state each claim against each Defendant (or Defendants) in a separate count" in accordance with the requirements of Rule 10(b). (*See id*. at 8.) No party has filed an objection to the R&R and the deadline for objections have passed. Upon consideration, the Court wholly agrees with Judge Smith's thoughtful reasoning and prudent recommendations.

**C.     The Answer & Motion to Strike**

In a single document, Scott E. Everett ("**Everett**")—as "MGRM"—filed an Answer, Affirmative Defense, and "Motion to Dismiss" on behalf of Defendant EHL ("**Response**"). (Doc. 20.) Because EHL is a not a natural person, and Everett is not an attorney licensed to practice in this Court, Plaintiff filed a Motion to Strike the Response. (Doc. 21.) EHL did not file a response to the Motion to Strike, and the deadline to do so has passed. Although dismissal of the Complaint arguably renders the Response and Motion to Strike moot, the Court notes its agreement that the Response is an improper filing and EHL may appear in this action only through "counsel admitted to practice in

the Court pursuant to [Local] Rule 2.01 or [Local] Rule 2.02." *See* Local Rule 2.03(e).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The unopposed Report and Recommendation (Doc. 19) is **APPROVED AND ADOPTED**.

(2) The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

(3) The Motion to Strike (Doc. 21) is **DENIED AS MOOT**.

(4) The Clerk of the Court is **DIRECTED TO TERMINATE** Defendant Eversteen Holdings, LLC's d/b/a Drunken Parrot Saloon Motion to Dismiss (Doc. 20).

(5) On or before February 16, 2018, Plaintiff Doug Longhini is **DIRECTED** to file an Amended Complaint in accordance with the requirements of this Order and the Report and Recommendation (Doc. 19).

(6) If Plaintiff declines to timely file an Amended Complaint, then this action will be CLOSED without further notice.

**DONE AND ORDERED** in Orlando, Florida, this 7th day of February, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record

Scott E. Everett